IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DORSEY PARKER, | § | |
| | § | No. 534, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 9608004627 (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 26, 2019
Decided: December 30, 2019

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

Upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On December 18, 2019, the Court received Dorsey Parker's notice of appeal from a November 15, 2019 Superior Court order denying his petition for tier redesignation or relief from the sex offender registry. To be timely filed, the notice of appeal had to be received by the Clerk or a Deputy Clerk in any county on or before December 16, 2019.[1]

---

[1] Del. Supr. Ct. R. 6(a); Del. Supr. Ct. R. 10(a); Del. Supr. Ct. R. 11(a) (Because the thirtieth day was a Sunday, the notice of appeal was due the next business day, or December 16, 2019.).

(2)     On December 18, 2019, the Senior Court Clerk issued a notice directing Parker to show cause why his appeal should not be dismissed as untimely.  Parker filed a response to the notice to show cause, stating that he had delayed filing his notice of appeal because he was waiting to receive documents and transcripts from the Superior Court that he believed would assist him in the filing of his appeal.

(3)     Time is a jurisdictional requirement.[2]  A notice of appeal must be received by the Court within the applicable time period to be effective.[3]  An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[5]  It is undisputed that Parker's notice of appeal was received by the Court after the thirty-day deadline.

(4)     The record does not reflect that Parker's failure to file a timely notice of appeal is attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  Thus, the Court concludes that this appeal must be dismissed.

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *Smith v. State*, 47 A.3d 481, 485-87 (Del. 2012).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice